**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **RICARDO MAURICIO LOPEZ-VELAZQUEZ** | **CIVIL ACTION NO. 6:26-CV-00112** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **BRIAN ACUNA, ET AL.** | **MAGISTRATE JUDGE LEBLANC** |

**MEMORANDUM ORDER**

Before the court is a Motion for Order to Show Cause (doc. 2) filed by Ricardo Mauricio Lopez-Velazquez ("Petitioner"), through counsel. Petitioner is an immigration detainee at the Pine Prairie Correctional Facility, seeking release from detention. According to the petition, Mr. Lopez-Velazquez is a native and citizen of Mexico who entered the United States somewhere in Texas in 2016 as an unaccompanied minor. Doc. 2, p. 2. On October 21, 2025, he was taken into ICE custody without a hearing date before an Immigration Judge. *Id.* at p. 3. He was placed into juvenile detention upon entry into the United States, subsequently transferred to another facility in Houston, Texas, and ultimately to a group home for unaccompanied minors in New York. *Id.* Mr. Lopez-Velazquez was granted deferral of removal under the Convention Against Torture on October 21, 2021, by an immigration judge sitting in the New York Immigration Court. *Id.* Mr. Lopez-Velazquez was arrested in 2022 for possession of a controlled substance and convicted in December 2024, at which time he was sentenced to one year in prison with credit for time served. *Id.* After his release he was transferred to immigration detention and has been in ICE custody since approximately May 19, 2025. *Id.* He was transferred from the detention facility in Aurora, Colorado to Pine Prairie, Louisiana on or about June 23, 2025, where he remains. *Id.*

Petitioner challenges the lawfulness of his continued immigration detention. He therefore seeks an order from this Court declaring his continued and prolonged detention unlawful and ordering Respondents to release him forthwith from their custody. Petitioner asks the court to order

the Government to respond to the petition within three days or, alternatively, no more than 21 days, pursuant to 28 U.S.C. § 2243.

Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.

28 U.S.C. § 2243.

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). The court has discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 cases which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr*. Ctr., 6:18-cv-00544, 2018 WL 4869383, (W.D. La. 2018)[1]; *See also, Taylor v. Gusman*, CV 20-449, 2020 WL 1848073 (E.D. La. 2020).

Given this discretion under Rule 4, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *See Castillo v. Pratt,* 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001)(noting a court's discretion under Rule 4 "prevails" over the strict time limits of §2243). Before requiring a response or holding a hearing, a court may allow a respondent time to conduct a reasonable investigation. *See Baker v.*

---

[1] Under Rule 1(b), the Rules Governing § 2254 Cases also apply to § 2241 habeas cases. *See Hickey v. Adler*, 2008 WL 3835764, (E.D. Cal. 2008); *Castillo v. Pratt*, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001); *Wyant v. Edwards*, 952 F.Supp. 348 (S.D.W. Va. 1997).

*Middlebrooks*, 2008 WL 938725 (N.D. Fla. 2008)(allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 1:08-CV826, 2008 WL 3835764 (E.D. Cal. 2008)(same).

Accordingly, **IT IS ORDERED** that Petitioner's Motion for Order to Show Cause (doc. 2) is GRANTED in part and DENIED in part.

Because prompt briefing is warranted, **IT IS FURTHER ORDERED** that Respondents file an answer to the petition (Doc. 1) within 21 days of the date of this Order. Petitioner shall have seven days to reply. After the record is complete and delays have run, the court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

**THUS DONE AND SIGNED** in chambers this 2nd day of February, 2026.

**THOMAS P. LEBLANC**
**UNITED STATES MAGISTRATE JUDGE**