**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

RICARDO MAURICIO LOPEZ-VELAZQUEZ   CASE NO.  6:26-CV-00112 SEC P

VERSUS                                                          JUDGE JAMES D. CAIN, JR.

BRIAN ACUNA ET AL                                   MAGISTRATE JUDGE LEBLANC

**MEMORANDUM ORDER**

Before the Court is Plaintiff's "Motion for Default Judgment" (Doc. 7) wherein, Ricardo Mauricio Lopez-Velazquez, through counsel requests that the Court enter a judgment by default in favor of Petitioner's *habeas corpus* petition.

The basis for Petitioner's request for the default judgment is that the Respondents failed to timely respond to the instant Petition, even after the Magistrate Judge ordered the Government to respond to Petitioner's Motion for Order to Show Cause.[1] The Court then ordered Respondents to explain to the Court why they failed to comply with the order by the Magistrate Judge. The Government has now responded and explains that the failure to respond was due to the vast number of *habeas* proceedings being filed, along with Defendants' counsel appearing in this case on January 30, 2026, one day after being served, and counsel's inadvertent failure to update his calendar as to the expedited deadline in this case.

Respondents maintain that a default is not warranted because it is not properly before the Court.  Federal Rule of Civil Procedure 55(a) requires a party to request entry

_____
[1] See Docs. 2 and 6.

of default by the Clerk.  That was not done in this case, as the record reflects no entry of default by the Clerk. Defendants also inform the Court that it has answered and opposes the *habeas* Petition because Petitioner cannot establish a right to relief. [2]

It is well-settled that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Action Indus., Inc. v. Innophos, Inc*., 2020 WL 13517873, at *1 (M.D. La. June 25, 2020) (*citing Lewis v. Lynn*, 236 F.3d 766,767 (5th Cir. 2001)). Indeed, "Federal Courts generally disfavor default judgments, preferring to resolve disputes according to their merits." *Id*. (*quoting Harper MacLeod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001)). Accordingly, default judgments "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Jefferson v. Louisiana Dept of Pub. Safety & Corr.*, 401 F. App'x 927, 929 (5th Cir. 2010) (*quoting Lacy v. Sitel Corp*., 227 F.3d 290, 291-92 (5th Cir. 2000)).

Rule 55 requires the clerk to enter a party's default, where a defendant "has failed to plead or otherwise defend, and that failure is shown by affidavit, or otherwise." Federal Rule of Civil Procedure 55(a). The Local Rules provide that a request for entry of default must be made in writing to the Clerk. LR 55.1. The Clerk then sends notice of entry of default to each defendant or their counsel. *Id*. More importantly, the rule provides that, "[a] judgment of default will not be entered until 14 calendar days after entry of default." *Id.* Thereafter, the Clerk may enter a default judgment, if the claim is for a sum certain or a

---

[2] See Docs. 11 and 13.

sum "that can be made certain by computation[.]" Federal Rule of Civil Procedure 55(b)(1). If not, the party must seek default judgment from the Court. Federal Rule of Civil Procedure 55(b)(2).

Respondents also contend that Petitioner will not be prejudiced by proceeding on the merits because they have filed their response to Petitioner's *habeas* proceeding.

The Court finds that Petitioner's Motion for Default was prematurely filed, and the Court is satisfied that Respondent's failure to file a response was not willful.  Accordingly,

**IT IS ORDERED** that the Motion for Default Judgment (Doc. 7) is **DENIED** and the Petition for Writ of *Habeas Corpus* is referred to the Magistrate Judge.

**THUS DONE AND SIGNED** in chambers on this 19th day of March, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**